IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA & STATE OF NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES, | ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MCCORD CORP., | ) ) |
| Defendant. | ) ) ) |

Civil No. 1:22-cv-289-SM

## **JOINT MOTION FOR ENTRY OF PROTECTIVE ORDER**

The Parties have negotiated and agreed to the terms of a Protective Order that is modeled on Civil Form 5, with certain deviations. These deviations are identified and explained below.[1] In accordance with Local Rule 26.2 and the Court's November 29, 2022 Order regarding the Parties' Joint Discovery Plan, the Parties now seek entry of this Protective Order.

Deviations from Civil Form 5:

Paragraph 1: The Parties agreed to include information derived from that obtained during discovery in the scope of the Protective Order, which should limit potential disputes regarding whether such information is subject to the Protective Order.

Paragraph 2: The Parties agreed that the Reading Room provisions referenced in Paragraph 2 and elsewhere are not necessary for this matter.

---

[1] For the Court's convenience, a redline copy of the order identifying edits made to Civil Form 5 is enclosed as Exhibit 1.

Paragraph 3: The Parties deleted reference to pro se parties, as all Parties are represented by counsel.

The Parties added in additional language to protect information designated as "Confidential Business Information" (hereinafter, CBI), "Proprietary," "Trade Secret," "Business Confidential" and substantially equivalent information that is entitled to protection under 40 C.F.R. Part 2, Subpart B, or under Rule 26(c) of the Federal Rules of Civil Procedure. Prior to this litigation, pursuant to the Plaintiffs' statutory enforcement authorities under CERCLA and NH RSA Chapters 147-A and 147-B, the Plaintiffs requested and obtained information relevant to the release or threatened release of a hazardous substance, as well as certain financial information. The Plaintiffs have also received potentially confidential information of contractors and subcontractors that are engaged to perform response actions under CERCLA, 42 U.S.C. § 9604(a) and N.H. RSA 147-A:7 and 147-A:8. *See* 40 C.F.R. § 2.310(b).

Some of that information may be within the scope of discovery in this litigation. However, some of the submitting parties invoked legal protections against further disclosure of that information pursuant to agency regulations. *See* 42 U.S.C. § 9604(e)(2), (7); 40 C.F.R. Part 2, Subpart B. There are significant consequences for Plaintiffs' employees who disclose CBI and similarly protected information in violation of federal law. *See* 18 U.S.C. § 1905; 40 C.F.R. § 2.211(c) (noting potential consequences include dismissal, suspension, fine, or criminal prosecution). The additional language in Paragraph 3 will allow the Plaintiffs to disclose potential CBI during this litigation as part of this Court's order without seeking additional specific orders each time such disclosure may be necessary. *See* 40 C.F.R. § 2.209(d) (permitting disclosure in accordance with a court order); Protective Order ¶ 15(d); *see also* 40

C.F.R. § 2.310(g) (permitting EPA to disclose CBI in an action under CERCLA Section 107, 42 U.S.C. § 9607, under specified circumstances).

Paragraph 5.a: The Parties agreed to include the use of protected information in any future settlement discussions, which will limit potential disputes over whether such information can be used during settlement efforts.

Paragraph 5.b.1: The Parties agreed to define "counsel" to include certain employees and volunteers who regularly work with counsel of record during litigation and trial preparation.

Paragraph 5.b.2: The Parties agreed to narrow the definition of "Parties" to restrict disclosure: to individuals whose assistance is necessary for this litigation, which will provide additional protection over information subject to this Order; and for the purposes of a federal law enforcement investigation.

Paragraph 5.b.5: The Parties agreed to clarify that the employees of consultants, investigators, and experts may receive information subject to the Protective Order.

Paragraph 5.b.6: The Parties agreed to clarify that the Court and its personnel may receive information subject to the Protective Order.

Paragraph 5.b.7: The Parties agreed to add an additional category of persons who may receive information subject to the Protective Order. This category would allow the author or recipient of a document who did not receive the document in the course of this litigation to review it. For example, it would allow a document prepared by a witness prior to the litigation (*e.g.*, an internal accountant not used as an expert during litigation) that is subsequently marked as subject to this Protective Order to be used in that witness's deposition.

Paragraph 8: The Parties agreed to add an explicit requirement that challenges to the designation of documents must be in good faith and must start with conferring directly with

counsel for the Producing Party. *See* ¶ 8.b. If a dispute about designation results in filing a motion before the Court, the motion must include a certification regarding the meet and confer requirements. The Parties also agreed to clarify which Party has the burden of persuasion, and that the document(s) shall be treated as protected until the Court rules on the motion. ¶ 8.c. The Parties also agreed to allow a person with interest in the CBI information to intervene, which may arise given that the Plaintiffs possess information potentially subject to CBI claims by third parties.

Paragraph 11.b: The Parties agreed to extend the deadline for document destruction to 90 days, and that the preferred method is to destroy documents, rather than return them. The Parties also agreed to allow the Parties to retain documents as needed to comply with the Federal Records Act, 44 U.S.C. § 3101, and that counsel may also retain one complete set of all documents filed with the Court, including those filed under seal. The Parties agreed to clarify that electronic copies of documents that are not reasonably accessible do not need to be returned or destroyed, as long as they remain inaccessible. Finally, in recognition of the challenges that can apply when identifying all copies of electronic documents, the Parties agreed to stipulate that this Protective Order remains in effect for any protected documents that are retained by counsel, despite the reasonable efforts by counsel to return or destroy such documents.

Paragraph 15: The Parties agreed to add this Paragraph to clarify the effect of this Order. Paragraph 15(a) clarifies that disclosures under this Protective Order are court-ordered disclosures under various federal statutes and regulations. Paragraph 15(b) confirms that the only limits on disclosures in this litigation are applicable privileges, this Protective Order, and any other protective order that may be sought in this litigation. Paragraph 15(c) permits the Plaintiffs to use or disclose documents or information obtained outside of this litigation.

Paragraph 15(d) confirms that the Protective Order does not limit the Court's power to issue orders regarding disclosure or discovery in this action.

Paragraph 16: The Parties added this Paragraph to establish a procedure governing third party requests to the Plaintiffs under the federal Freedom of Information Act, 5 U.S.C. § 552; the New Hampshire Right to Know Law, RSA Chapter 91-A; or other discovery requests.

The Parties believe these edits to Civil Form 5 will reduce potential disputes and clarify certain statutory obligations of the Plaintiffs. Therefore, the Parties respectfully request that the Court enter the enclosed Protective Order governing any further discovery in this action.

Respectfully submitted,

*For the Plaintiff United States of America:*

*/s/* Natalie G. Harrison
NATALIE G. HARRISON
Florida Bar No.: 0111525
ALISON KELLY
Florida Bar No.: 0016660
Trial Attorneys
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, DC 20044-7611
(202) 305-0461
Natalie.G.Harrison@usdoj.gov

*For the Plaintiff State of New Hampshire:*

*/s/* Joshua C. Harrison
Joshua C. Harrison, Bar # 269564
Assistant Attorney General
Environmental Protection Bureau
Office of the Attorney General
New Hampshire Department of Justice
33 Capitol Street

5

Concord, NH 03301-6397
(603) 271-3679
Joshua.C.Harrison@doj.nh.gov



*For Defendant McCord:*

/s/ Robert R. Lucic
Robert R. Lucic (NH Bar #9062)
Thomas S. Burack (NH Bar #6552)
SHEEHAN PHINNEY BASS & GREEN PA
1000 Elm Street, P.O. Box 3701
Manchester, NH 03105-3701
(603) 668-0300
rlucic@sheehan.com
tburack@sheehan.com

Marc J. Goldstein *(admitted pro hac vice*)
Eric L. Klein *(admitted pro hac vice)*
BEVERIDGE & DIAMOND PC
155 Federal St. Suite 1600
Boston, MA 02110
(617) 419-2315
mgoldstein@bdlaw.com
eklein@bdlaw.com

Michael F. Vitris *(admitted pro hac vice)*
BEVERIDGE & DIAMOND PC
400 West 15th St. Suite 1410
Austin, Texas 78701-1648
(512) 319-8035
mvitris@bdlaw.com

James B. Slaughter *(admitted pro hac vice)*
BEVERIDGE & DIAMOND PC
1900 N St. NW Suite 100
Washington, DC 20036
(202) 789-6040
jslaughter@bdlaw.com

6

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that this document was filed today through the CM/ECF system, which automatically provides a digital copy of it to all attorneys of record.

<u>/s/ Natalie G. Harrison</u>
NATALIE G. HARRISON
Florida Bar No.: 0111525
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044
Tel: (202) 305-0461
Fax: (202) 616-2427
Natalie.G.Harrison@usdoj.gov
