UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA & STATE OF NEW HAMPSHIRE DEPARTMENT OF ENVIRONMENTAL SERVICES,<br><br>    Plaintiffs,<br>      v.<br>MCCORD CORP.,<br>    Defendant. | Civ. No. 1:22-cv-289-SM |

## **PROTECTIVE ORDER**

The parties have agreed to the terms of this Protective Order; accordingly, it is ORDERED:

    1.    <u>Scope</u>.  All documents produced in the course of discovery, including initial disclosures; all responses to discovery requests; all deposition testimony and exhibits; information derived therefrom; and other materials which may be subject to restrictions on disclosure for good cause and information derived directly therefrom (hereinafter collectively "document(s)"), shall be subject to this Order concerning confidential information as set forth below. This Order is subject to the Local Rules of this District and of the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

    2.    <u>Form and Timing of Designation</u>.  A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document in a manner that will not interfere with the legibility of the document and that will permit complete removal of the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation.  Documents shall be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER prior to or at the time of the production or disclosure of the documents  The designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.

    3.    <u>Documents Which May be Designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER</u>.  Any party may designate documents as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER but only after review of the documents by an attorney  who has in good faith determined that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential personal information, trade

secrets, personnel records, commercial information, information in the possession, custody, or control of the United States Environmental Protection Agency or the State of New Hampshire Department of Environmental Services that was designated as "Confidential Business Information," "Proprietary," "Trade Secret," "Business Confidential," or the substantial equivalent thereof and submitted pursuant to 40 C.F.R. Part 2, Subpart B, or are otherwise entitled to confidential treatment under Federal Rule of Civil Procedure 26(c). The designation shall be made subject to the standards of Rule 11 and the sanctions of Rule 37 of the Federal Rules of Civil Procedure. Information or documents that are available in the public sector may not be designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER or as Confidential Business Information pursuant to 40 C.F.R. Part 2, Subpart B.

       4.      <u>Depositions</u>. Deposition testimony shall be deemed CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER only if designated as such. Such designation shall be specific as to the portions to be designated CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER. Depositions, in whole or in part, shall be designated on the record as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER at the time of the deposition. Deposition testimony so designated shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until 30 days, after delivery of the transcript by the court reporter. Within 30 days after delivery of the transcript, a designating party may serve a Notice of Designation to all parties of record as to specific portions of the transcript to be designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER. Thereafter, those portions so designated shall be protected as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pending objection under the terms of this Order. The failure to serve a Notice of Designation shall waive the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation made on the record of the deposition.

       5.      <u>Protection of Confidential Material</u>.

          a.      <u>General Protections</u>. Documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in ¶ 5.b. for any purpose whatsoever other than to prepare for and to conduct discovery, hearings and trial in this action, including any appeal thereof and settlement discussions.

          b.      <u>Limited Third-Party Disclosures</u>. The parties and counsel for the parties shall not disclose or permit the disclosure of any CONFIDENTIAL - SUBJECT TO

PROTECTIVE ORDER documents to any third person or entity except as set forth in subparagraphs 1-6.  Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER:

1. <u>Counsel</u>.  Counsel for the parties and employees of counsel who have responsibility for the preparation and trial of the action (including but not limited to paralegals, administrative or clerical personnel, and paid or unpaid, temporary or permanent law clerks or interns);

2. <u>Parties</u>.  Parties and employees of a party to this Order, but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary: (A) to the conduct of the litigation in which the information is disclosed, or (B) to a federal law enforcement investigation.

3. <u>Court Reporters and Recorders</u>.  Court reporters and recorders engaged for depositions;

4. <u>Contractors</u>.  Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents but only after each such person has completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

5. <u>Consultants and Experts</u>.  Consultants, investigators, or experts and those employed by such consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

6. The Court and its personnel;

7. The author or recipient of the document (not including a person who received the document in the course of litigation); and

8. <u>Others by Consent</u>.  Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.  All such persons shall execute the certification

contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

  c. <u>Control of Documents</u>.  Counsel for the parties shall make reasonable efforts to prevent unauthorized disclosure of documents designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER pursuant to the terms of this Order.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of six years from the date of signing.

  d. <u>Copies</u>.  Prior to production to another party, all copies, electronic images, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents designated as CONFIDENTIAL -SUBJECT TO PROTECTIVE ORDER under this Order, or any individual portion of such a document, shall be affixed with the designation "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" if the word does not already appear on the copy.  All such copies shall thereafter be entitled to the protection of this Order.  The term "copies" shall not include indices, electronic databases or lists of documents provided these indices, electronic databases or lists do not contain substantial portions or images of the text of confidential documents or otherwise disclose the substance of the confidential information contained in those documents.

6. <u>Filing CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER Documents With the Court</u>.

  a. <u>Filing Party's Confidential Documents</u>.  In the event that a party seeks to file, or reference in any filing, a document that the filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order and the filing party seeks to maintain the confidentiality of such document, the filing party must comply with LR 83.12 and AP 3.3 for filing the confidential document under seal.

  b. <u>Non-Filing Party's Confidential Documents</u>.  In the event that the filing party seeks to file, or reference in any filing, a document that the non-filing party designated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Protective order, the filing party shall first consult with the non-filing party to determine whether the non-filing party consents to filing the document in whole or in part on the public docket.   If the parties are unable to reach an agreement, the filing party shall

prepare two versions of the filings, a public and a confidential version. The public version shall contain a redaction of references to CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents and shall be filed with the court. The confidential version shall be a full and complete version of the filing, including any exhibits, and shall be filed with the court provisionally under seal pursuant to LR 83.12 and AP 3.3 indicating that the non-filing party seeks to maintain the confidentiality of the redacted material. The party seeking to maintain the confidential status shall file a motion to seal in accordance with Local Rule 83.12(c) and AP 3.3 within three (3) business days of the filing. Failure to file a timely motion to seal could result in the pleading/exhibit being unsealed by the court without further notice or hearing.

    7. <u>No Greater Protection of Specific Documents</u>. No party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

    8. <u>Challenges by a Party to Designation as Confidential</u>. Any CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation is subject to challenge by any party or non-party (hereafter "party"). The following procedure shall apply to any such challenge.

    a. <u>Objection to Confidentiality</u>. Within thirty (30) days of the receipt of any document designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER or of the refusal to produce a document on the ground of such designation, a party may serve upon the designating party an objection to the designation. The objection shall specify the documents to which the objection is directed and shall set forth the reasons for the objection as to each document or category of documents. CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents to which an objection has been made shall remain CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER until designated otherwise by waiver, agreement or order of the Court.

    b. <u>Obligation to Meet and Confer</u>. A Party challenging the designation of Protected Information must do so in good faith and must begin the process by conferring directly with counsel for the Producing Party. The objecting party and the party who designated the documents to which objection has been made shall have fifteen (15) days from service of the objection to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation as to any

documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

   c. <u>Obligation to File Motion</u>. If the parties cannot reach agreement as to any documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, for the purpose of discovery, the designating party shall file with the court within thirty (30) days of the service of the objection a motion to retain the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation. Each such motion must be accompanied by a certification of counsel that affirms that the movant has complied with the meet and confer requirements of Paragraph 8(b) of this Protective Order. The Producing Party shall bear the burden of persuasion in any such challenge proceeding, provided however, that a person in interest may seek to intervene in accordance with the Federal Rules of Civil Procedure. Until the Court rules on the challenge, all parties shall continue to treat the materials as Protected Information under the terms of this Protective Order. The failure to file the motion waives the CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER designation of documents to which an objection was made.

 9. <u>Court Not Bound By Parties' Designation</u>. Nothing in this Order or any action or agreement of a party under this Order limits the court's power to make orders concerning the disclosure of documents produced in discovery, filed with the court, or used during any hearing or at trial.

 10. <u>Use of Confidential Documents or Information at Hearing or Trial</u>. A party who intends to present or anticipates that another party may present at any hearing or at trial CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents or information derived therefrom shall identify the issue, not the information, in a pre-hearing or pretrial memorandum. The court may thereafter make such orders as are necessary to govern the use of such documents or information at a hearing or trial.

 11 <u>Obligations on Conclusion of Litigation</u>.

   a. <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, the terms of this Order shall remain in force as an agreement between the parties after dismissal or entry of final judgment not subject to further appeal. Actions to enforce the terms of the Order after dismissal or entry of final judgment shall be by separate legal action and not by motion for contempt or other relief filed in this action.

   b. <u>Return of CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER</u>

Documents. Within ninety days after dismissal or entry of final judgment not subject to further appeal and subject to the Federal Records Act, 44 U.S.C. § 3101 et seq., the receiving party shall take reasonable steps to destroy all documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 5.d., unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Copies of documents treated as CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER that are stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, need not be returned or destroyed so long as they are not made accessible (e.g., disaster recovery backups are not restored); if such data are made accessible, the receiving Party must take reasonable steps to return or destroy the restored Protected Information or documents as provided by this subparagraph. Notwithstanding the above requirements to return or destroy documents, counsel may retain: (1) attorney work product, including an index which refers or relates to information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, so long as that work product does not duplicate verbatim substantial portions of the text or images of confidential documents; and (2) one complete set of all documents filed with the Court including those filed under seal. This work product shall continue to be CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER under this Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER documents. To the extent additional copies are retained by counsel of record notwithstanding the employment of reasonable efforts to return or destroy Protected Information, such retained copies remain protected under this order.

      c.      <u>Deletion of Documents Filed under Seal from ECF System</u>. Filings with the court under seal shall remain in the ECF system and not be deleted except by order of the court.

    12.      <u>Order Subject to Modification</u>.  This Order shall be subject to modification by the court on its own motion or on motion of a party or any other person with standing concerning the

subject matter.  Motions to modify this Order shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

13. <u>No Prior Judicial Determination</u>.  This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the court may rule on a specific document or issue.

14. <u>Persons Bound</u>.  This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

15. <u>Effect of This Protective Order</u>.

(a) The production of documents by a Producing Party pursuant to this Protective Order constitutes a court-ordered disclosure within the meaning of 40 C.F.R. § 2.209(d); the Privacy Act, 5 U.S.C. § 552a(b)(11); the Health Insurance Portability and Affordability Act of 1996 (HIPAA) implementing regulations, 45 C.F.R. § 164.512(a), (c)(1)(i); and the Trade Secrets Act, 18 U.S.C. § 1905.

(b) Except on privilege grounds not addressed by this Protective Order, no person may withhold documents, information, or other materials from discovery in this litigation on the ground that they require protection greater than that afforded by this Protective Order, unless that person moves for an order providing such special protection.

(c) Nothing in this Protective Order prohibits the United States or the State from using or disclosing, for purposes other than this litigation, documents or information that the United States or the State obtained outside of this litigation.

(d) Nothing in this Protective Order or any action or agreement of a Party limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

16. <u>Documents requested or demanded by non-parties</u>.

(a) The Parties shall not produce information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER in response to any request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in response to any request under the New Hampshire Right to Know Law, RSA, Chapter 91-A, to the extent allowed by law, or in response to any any

discovery request or other request or demand except in compliance with: (i) this Protective Order (e.g., with the consent of the Producing Party), (ii) a directive of this Court removing the designation as Protected Information, or (iii) a lawful directive of another court.

      (b)     If the United States withholds information designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER from its response to a FOIA request, or if New Hampshire withholds such information from its response to a request under the New Hampshire Right to Know Law, RSA Chapter 91-A, and the requesting party subsequently files an action or motion in court challenging that withholding, the United States or New Hampshire, respectively, shall, as soon as practicable, provide notice to the Producing Party of service of the action or motion.

      SO ORDERED this _____ day of _____, 2023,

_____
HON. Judge Steven J. McAuliffe
United States District Judge