UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

United States of America,
and State of New Hampshire
Department of Environmental Services,
    Plaintiffs

    v().                          Case No. 22-cv-0289-SM-AJ
                                    Opinion No. 2025 DNH 072

McCord Corporation,
    Defendant

**O R D E R**

Plaintiffs filed a consolidated suit against the McCord Corporation pursuant to Section 107 of the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA), 42 U.S.C. § 9607, and New Hampshire law, N.H. Rev. Stat. Ann. 147-A and 147-B, seeking a declaratory judgment on defendant's liability and recovery of environmental cleanup costs associated with defendant's former automobile parts manufacturing plant in Farmington, New Hampshire.

The parties have taken a bifurcated approach to the litigation. The first phase, now complete, addressed questions of defendant's liability under CERCLA as an operator of the Farmington plant. Both parties moved for summary judgment as to liability, and, on March 28, 2025, the court granted summary judgment on the issue of liability in favor of the plaintiffs.

The second phase of the litigation, which has yet to begin, will address costs. Defendant now moves the court to stay the litigation, and certify its March, 2025 order for interlocutory appeal under 28 U.S.C. § 1292(b). Plaintiffs object.

Pursuant to 28 U.S.C. § 1292(b), the court may certify an order for interlocutory appeal if the order (1) involves a controlling question of law (2) as to which there are grounds for a substantial difference of opinion; and (3) an immediate appeal would "materially advance the ultimate termination of the litigation." Our court of appeals has emphasized that interlocutory certification under 28 U.S.C. § 1292(b) "should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Caraballo-Seda v. Municipality Of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (internal quotations omitted). See also Camacho v. Puerto Rico Ports Auth., 369 F.3d 570, 573 (1st Cir. 2004) ("Section 1292(b) is meant to be used sparingly, and appeals under it are, accordingly, hen's-teeth rare.").

In support of its motion, defendant argues that the case turns on the "dispositive legal question" of what constitutes "eccentric" parent company behavior sufficient to establish CERCLA operator liability. And, defendant contends, neither

2

United States v. Bestfoods, 524 U.S. 51, 72 (1998) nor United States v. Kayser-Roth, 272 F.3d 89 (1st Cir. 2001), "addresses whether Bestfoods 'eccentric' behavior test extends to providing compliance advice to subsidiaries or auditing their facilities." Def.'s Reply in Support of Motion for Interlocutory Appeal at 1. As a result, defendant says, "the scope of 'eccentric' parental oversight remains a disputed legal question – not a settled rule." Def.'s Reply in Supp. of Mot. for Interlocutory Appeal at 3.

    Defendant's argument is not persuasive. As plaintiffs correctly point out, all parties agree on the controlling legal standard with respect to CERCLA operator liability, as set forth in Bestfoods. Pls. Opp. to Mot. for Interlocutory Appeal at 4. While courts may differ in their application of Bestfoods, those differences are largely attributable to the complex and nuanced factual circumstances that are often presented in the CERCLA context. For example, the provision of environmental compliance advice to a subsidiary might or might not qualify as "eccentric." The determination depends, of course, largely upon the facts and circumstances of the particular case.

    Accordingly, defendant's request is properly characterized as a challenge to the court's application of Bestfoods and its progeny to the facts of this particular case. Such a challenge

3

is not appropriate for interlocutory review because defendant has not sufficiently established a "substantial ground for difference of opinion," as required by Section 1292(b). As aptly stated by the court in United Air Lines, Inc. v. Gregory:

> Substantial grounds for a difference of opinion arise when an issue involves "one or more difficult and pivotal questions of law not settled by controlling authority." Philip Morris, Inc. v. Harshbarger, 957 F. Supp. 327, 330 (D. Mass. 1997). . . . [A] "difference of opinion" suited for a § 1292 appeal does not arise every time a court is called upon to apply a particular legal principle to a novel fact pattern. Instead, the issue must relate to the actual legal principle itself, not the application of that principle to a particular set of facts. See In re Jackson Brook Inst., Inc., 280 B.R. 1, 8 (D. Me. 2002) (an argument that a court misapplied settled law does not justify a § 1292 appeal).

716 F. Supp. 2d 79, 92 (D. Mass. 2010).

Nor has defendant demonstrated a "controlling question of law," since a "controlling question of law usually involves 'a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine' rather than an application of law to the facts." S. Orange Chiropractic Ctr., LLC v. Cayan LLC, No. 15-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (quoting Ahrenholz v. Bd. of Trs. of Ill., 219 F.3d 674, 676 (7th Cir. 2000)). Since, again, defendant's challenge here is to the application of the legal principles set

4

forth in <u>Bestfoods</u> to the facts here, it cannot be said that the relief sought involves a controlling question of law.

Defendant has not established two of Section 1292(b)'s three requirements. For the reasons given, defendant's motion to certify an interlocutory appeal and to stay proceedings (document no. 55) is necessarily **DENIED**.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 4, 2025

cc: Counsel of Record